IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDREW NAMBO GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv589 |
| BEAUMONT CRIME STOPPERS | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Andrew Nambo Garcia, proceeding *pro se*, filed the above-styled civil rights action against Beaumont Crime Stoppers. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.

The defendant filed a motion to dismiss for lack of subject-matter jurisdiction. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Plaintiff alleges he reported a criminal activity to the defendant. However, the defendant allegedly failed to keep his name confidential. The Magistrate Judge found the court lacked subject-matter jurisdiction over his claim. The Magistrate Judge concluded diversity jurisdiction did not exist because the parties were not completely diverse. The Magistrate Judge further concluded that as the defendant, a private non-profit corporation, did not act under color of state law, it was not subject to a lawsuit under 42 U.S.C. § 1983. As a result, plaintiff had also failed to establish federal question jurisdiction.

For diversity jurisdiction to exist under 28 U.S.C. § 1332, there must be compete diversity of citizenship between adverse parties and at least $75,000 at issue. In his objections, plaintiff asserts that more than $75,000 is at issue in this lawsuit. However, he acknowledges that complete

diversity does not exist. The Magistrate Judge's conclusion regarding the lack of diversity jurisdiction was therefore correct.

With respect to federal question jurisdiction, plaintiff contends that while the defendant is a private entity, it can still be liable under Section 1983 because it willfully participated in joint actions with the Jefferson County Sheriff's Department.

Generally, private entities such as the defendant are not considered to be acting under color of law. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). However, private action may be deemed state action when the defendant's conduct is "'fairly attributable to the State.'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999)). Once way a private entity may be a state actor is if it "is involved in a conspiracy or participates in joint activity with state actors." *Ballard*, 413 F.3d at 518. Under the joint action test, a private actor is considered a state actor if the private actor is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). "[T]he plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right . . . ." *Polacek v. Kemper County, Miss.*, 739 F. Supp. 2d 948, 952 (S.D. Miss. 2010) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)).

Plaintiff alleges he reported a marijuana growing operation to the defendant believing his personal information would remain confidential. He states the defendant revealed his information to an officer with the sheriff's department, who then revealed it to individuals involved in the illegal operation. However, plaintiff does not allege the defendant knew the officer was going to reveal plaintiff's personal information or that the defendant and the officer agreed that the information should be revealed. As a result, plaintiff has failed to demonstrate the defendant participated in joint activity with a state actor. He has therefore failed to establish federal question jurisdiction.

Plaintiff's allegations do not present a federal question and he has not demonstrated he is entitled to invoke the court's diversity jurisdiction. The Magistrate Judge therefore correctly concluded this court's lacks subject-matter jurisdiction over this lawsuit.

# ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. The defendant's motion to dismiss is **GRANTED**. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

**SIGNED** this the **27** day of **February, 2018.**

_____
Thad Heartfield
United States District Judge